# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0843V

| | |
|---|---|
| JANICE DICKHARDT,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: July 30, 2024 |

*Joshua Aaron Whisler*, The Whisler Law Firm, Boca Raton, FL, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On July 10, 2020, Janice Dickhardt filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered "injuries sustained from adverse effects" of an influenza vaccine administered on October 28, 2019. Petition, ECF No. 1. On September 23, 2022, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 40.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $24,784.73 (representing $23,872.50 in fees plus $912.23 in costs). Application for Fees and Costs ("Motion") filed July 25, 2023, ECF No. 44. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses as all costs were incurred by counsel for Petitioner. *Id.*

Respondent reacted to the motion on July 31, 2023, reporting that he is satisfied that the statutory requirements for an award of fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 45. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## TIMELINESS OF MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed no later than 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case, Judgment was entered on October 26, 2022, making Petitioner's motion due on April 24, 2023. But Petitioner filed her motion on July 25, 2023 – *ninety-one days past the required deadline.* Petitioner has also not offered any explanation to justify the untimely filing, nor did she file a motion for enlargement of time.

This is cause *by itself* to deny Petitioner's request for fees and costs in its entirety. But I will nevertheless award the attorney's fees and costs in this matter. However, counsel should not expect the same leniency for future fees requests. Any future requests for fees and costs that are untimely filed, or requests for extensions that *themselves* are untimely, will be denied, or at least result in a curtailed award.

## ATTORNEY FEES

Petitioner has requested hourly rates for The Whisler Law Firm attorneys and paralegals who performed work in this matter as follows:

|  | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|
| Joshua Whisler, Esq. | X | $450 | X | X |
| Daniel Cohen, Esq. | X | $450 | X | X |
| Joshua Brownlee, Esq. | X | $350 | $350 | $350 |
| Trey Chism, Esq. | X | X | $350 | X |
| Brittany Hendon, Esq. | X | X | $350 | X |
| Jonathan Drake, Esq. | X | X | X | $450 |
| Paralegals | $125 - $200 | $200 - $250 | $150 | $150 |

Some of these rates require adjustment. The 2020 rates requested for attorneys Joshua Whisler and Daniel Cohen are inconsistent with rates that have been previously awarded for their work in the Vaccine Program. *See Scarlett v. Sec'y of Health & Hum. Servs. No. 19-1555V, 2021 WL 6067265 (Fed. Cl. Spec. Mstr. Nov. 12, 2021)* (awarding Mr. Whisler the rate of $309 for time billed in 2020 and Mr. Cohen the rate of $253 for time billed in 2020 *Id.* at *8). I find no reason to deviate from such reasoned determination and hereby reduce the 2020 rates herein to be consistent with *Scarlett.* **Application of**

3

**the foregoing results in a reduction in the amount of fees to be awarded herein of $124.00**.[3]

Furthermore, Petitioner did not file an affidavit or any other supporting information to substantiate the requested hourly rates for Attorneys Brownlee, Chism, Hendon, and Drake. It is incumbent upon Petitioner's counsel to submit an affidavit for each attorney in the future to support such requests. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program ("NVICP") at 75-78 (emphasis added).[4] Counsel is admonished that failure to include complete documentation in support of any request for reimbursement of fees may result in the denial, or reduction in amount, of an attorney's fees and costs award. *See* Vaccine Rule 13(a)(1).

Also, it does not appear that the associate attorneys heretofore mentioned are admitted to the Court of Federal Claims. An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work. *See Underwood v. Sec'y of Health & Human Servs.,* No. 00-357V, 2013 WL 3157525, (Fed. Cl. Spec. Mstr. May 31, 2013). Thus, all time billed by the associate attorneys must be compensated at non-attorney rates. **I shall instead award the lesser rate of $162 per hour for all time billed by the aforementioned associates.** Application of the foregoing reduces the fees to be awarded by **$3,120.55.**[5]

Additionally, the paralegal rates requested herein for time billed in 2019-2020 exceed the Vaccine Program's published ranges for said years and are also inconsistent with rates previously awarded. *See Scarlett v. Sec'y of Health & Hum. Servs. No. 19-1555V, 2021 WL 6067265 (Fed. Cl. Spec. Mstr. Nov. 12, 2021)* (awarding paralegals $135 for time billed in 2019 and $141 for time billed in 2020). I find no reason to deviate from such reasoned determination and hereby reduce the rates herein to be consistent with *Scarlett.* Application of the foregoing reduces the amount of fees to be awarded by **$5,339.10.**[6]

---

[3] This amount is calculated as: ($450 - $309 = $141 x 0.60 hrs.) + ($450 - $253 = $197 x 0.20 hrs.) = $124.00.

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/vaccine_guidelines_20240318.pdf

[5] This amount is calculated as: ($450 - $163 = $287 x 7.55 hrs.) + ($350 - $163 = $187 x 5.1 hrs.) = $3,120.55.

[6] This amount consists of time billed in 2019 ($200 - $135 = $65 x 32 hrs.) + time billed in 2020: ($250 - $141 = $109 x 29.9 hrs.) = $5,339.10.

## ATTORNEY COSTS

Petitioner requests $912.23 in overall costs. ECF No. 44-1 at 2. Petitioner's counsel indicated in his Affidavit that such costs are associated with the expenses of obtaining medical records ($511.43), plus pacer fees ($0.80), and the Court's filing fee ($400.00). I have reviewed the requested costs but find that Petitioner's counsel has not substantiated them with the required supporting documentation, such as an invoice or proof of payment. *Id.* I will nevertheless reimburse these costs in full since the amounts requested is not particularly large. But Petitioner's counsel should be aware that any future requests for costs may result in a curtailed (or denied) award for failure to include the required supporting documentation. *See* Guidelines for Practice Under the NVICP at 75-78.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$16,201.08 (representing $15,288.85 in fees plus $912.23 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Joshua A. Whisler.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.